## LOUIE *v.* UNITED STATES.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 337. Argued December 8, 1920.—Decided January 17, 1921.

Upon an indictment of an Indian for the murder of another Indian within the limits of an Indian Reservation (Crim. Code, §§ 273, 328), an objection that the District Court has no jurisdiction over person or subject-matter because the defendant had been declared competent and because the act charged was committed on land which had been allotted and deeded to him in fee simple, really goes, not to the jurisdiction, but to the merits, raising the question whether the act was a violation of the federal law; and the judgment of the District Court is not reviewable by direct writ of error from this court, but should go to the Circuit Court of Appeals. P. 550. *Clairmont* v. *United States*, 225 U. S. 551, explained.
Reversed.

THE case is stated in the opinion.

*Mr. William B. McFarland,* with whom *Mr. Robert Early McFarland* was on the brief, for petitioner.

*Mr. W. C. Herron,* with whom *The Solicitor General* and *Mr. Assistant Attorney General Stewart* were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Louie, an Indian, was indicted under § 273 of the Penal Code in the District Court of the United States for the District of Idaho, Northern Division, for the murder of another Indian within the limits of the Coeur d'Alene Reservation. A motion to dismiss for want of jurisdiction was overruled and the defendant was tried and convicted. By motion in arrest of judgment, he objected in terms to the jurisdiction of the court over the person of defendant and over the crime charged on the ground that before the time of the alleged crime he had been declared competent and the land on which the crime was alleged to have been committed had been allotted and deeded to him in fee simple. Compare *United States* v. *Celestine,* 215 U. S. 278. This motion also was overruled; the defendant was sentenced; and the case was taken on writ of error to the United States Circuit Court of Appeals for the Ninth Circuit. That court, one judge dissenting, dismissed the writ of error for want of jurisdiction on the ground that, since the sole question presented was whether the District Court had jurisdiction, its decision could be reviewed only by direct writ of error from this court to the District Court. See *United States* v. *Jahn,* 155 U. S. 109, 114, 115; compare *Raton Water Works Co.* v. *City of Raton,* 249 U. S. 552. The dissenting judge was of opinion that the Circuit Court of Appeals had jurisdiction of the writ of error, because an additional error relating to the merits had been assigned there, although not raised below.

A writ of certiorari was granted by this court. 253 U. S. 482.

We have no occasion to consider the question on which the Circuit Court of Appeals divided. The motions made by defendant in the District Court raised a question not of the jurisdiction of that court, but of the jurisdiction of the United States. The contention was, in essence, that, by reason of the facts set forth in the motions, the defendant was in respect to the acts complained of subject to the laws of the State of Idaho and not to the laws of the United States. In other words that he did not violate the laws of the United States. Compare *United States* v. *Kiya*, 126 Fed. Rep. 879, 880. Section 328 of the Penal Code provides that an Indian committing murder on another Indian "within the boundaries of any State of the United States, and within the limits of any Indian reservation, shall be subject to the same penalties as are all other persons committing" the same crime "within the exclusive jurisdiction of the United States." *United States* v. *Kagama*, 118 U. S. 375; *Donnelly* v. *United States*, 228 U. S. 243, 269, 270. The defendant, in effect, denied that the killing was, in the statutory sense, within the reservation. If this was true an essential element of the crime against the United States was lacking; as much so as if it had been established in *United States* v. *Sutton*, 215 U. S. 291, or in *United States* v. *Soldana*, 246 U. S. 530, that the region into which liquor was introduced was not Indian country. That the District Court for Idaho had jurisdiction to determine whether the *locus in quo* was a part of the reservation was not questioned. By § 78 of the Judicial Code the whole State of Idaho is comprised within the District of Idaho; by paragraph second of § 24 district courts have original jurisdiction of all crimes and offenses cognizable under the authority of the United States; and the defendant was arrested within the District of Idaho.

Since defendant's motions in the District Court did not raise a question properly of the jurisdiction of the court but went to the merits, there was no basis for a direct writ of error from this court. *Pronovost v. United States*, 232 U. S. 487; *Lamar* v. *United States*, 240 U. S. 60, 65. He properly sought review in the Circuit Court of Appeals. In *United States* v. *Celestine*, 215 U. S. 278, and *United States* v. *Pelican*, 232 U. S. 442, where the defense was similar to that presented here, and in *United States* v. *Sutton, supra*, and *United States* v. *Soldana, supra*, the cases came to this court by direct writ of error to the District Court under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246. *Hallowell* v. *United States*, 221 U. S. 317, where a similar question was involved, came here on certificate. In *Clairmont* v. *United States*, 225 U. S. 551, 554, it was inadvertently assumed without discussion that the question involved was one of the jurisdiction of the District Court.

The judgment of the Circuit Court of Appeals is reversed and the case remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*

THE CHIEF JUSTICE took no part in the decision of this case.