### Ex parte LITTLETON.

### UNITED STATES v. LITTLETON.

(District Court, N. D. of California, S. D. October 10, 1924.)

Nos. 1614, 1622–1627.

1. **Criminal law ⬅⟶242(6)—Removal of defendant to another district for trial held not precluded by question as to sufficiency of indictment.**

One indicted in district of Nevada for violation of Naturalization Act June 29, 1906, § 23 (Comp. St. § 4379), by aiding and abetting alien in fraudulently procuring certificate of naturalization, under claim that naturalization papers previously acquired had been destroyed by fire in San Francisco in 1906, may be removed to that district for trial, as any doubt as to meaning of "naturalization" and "naturalization proceedings," as used in statute named, must be resolved in favor of indictment.

#### On Rehearing.

2. **Criminal law ⬅⟶242(1)—Removal to particular district for trial under several indictments not precluded because prosecutions under some may be barred by lapse of time.**

In proceeding for removal of prisoner from one district to another for trial under several indictments there returned, fact that prosecutions under certain of the indictments may be barred by lapse of time does not preclude removal.

3. **Criminal law ⬅⟶242(8)—Application for removal under several indictments is single proceeding, and probable cause in single case warrants removal, regardless of conclusions in others.**

Under Rev. St. §§ 1014, 1027, 1029 (Comp. St. §§ 1674, 1693, 1695), application for removal for trial under several indictments is single proceeding, and if probable cause is shown in single case, or single count of indictment, removal must follow, regardless of conclusions which might be reached regarding charges of other indictments, or of other counts of same indictment.

Habeas Corpus. Application for writ by Frederick N. Littleton, also called F. N Littleton. Writ discharged.

See, also, 1 F. (2d) 751.

Sterling Carr, U. S. Atty., of San Francisco, Cal., Grove J. Fink, Sp. Asst. U. S. Atty., of Sacramento, Cal., and Alma M. Myers, Asst. U. S. Atty., of San Francisco, Cal.

Preston & Duncan, of San Francisco, Cal., for defendant.

RUDKIN, Circuit Judge. The present application renews the objections heretofore considered by this court in the removal proceedings. In discussing the sufficiency of the indictment returned against the petitioner in the District Court of Nevada, under section 23 of the Naturalization Act (Comp. St. § 4379), the court there said:

"The act in question prohibits: First, procuring naturalization in violation of its provisions; second, aiding, abetting, or encouraging any person to apply for or secure such naturalization or to file preliminary papers declaring an intent to become a citizen of the United States; third, procuring or giving false testimony or making a false affidavit as to any material fact required to be proved in any naturalization proceedings. Naturalization as defined by Webster is: 'The act of investing an alien with the rights and the privileges of a native subject or citizen.' 'The state of being thus invested with citizenship.' If the terms naturalization and naturalization proceeding are used in this statute in this strict and limited sense, it becomes at once apparent that the restoration of a destroyed record in a state court pursuant to state law, is not procuring naturalization, and the proceeding itself is not a naturalization proceeding. If, on the other hand, the term naturalization be construed to mean merely evidence of naturalization, such as a certificate of naturalization or the restoration of a destroyed record in a naturalization proceeding, the acts charged may fall within the condemnation of the statute. When the act of 1906 is considered in its entirety it may well be questioned whether the terms naturalization and naturalization proceeding were not used in their strict or proper sense, but this court is not called upon to pass finally upon the sufficiency of the indictment. Doubt on that question must be resolved in its favor, leaving its sufficiency to be determined by the court in which the indictment was returned."

I still adhere to these views. If it were entirely clear that the indictment charged no crime, I would not hesitate to discharge the petitioner, but I have no such convictions. I am not convinced that the meaning

1 F.(2d)—48

of the term "naturalization" should be thus restricted. Some of the practices which led to the passage of the act of 1906 are referred to in Dolan v. United States, 133 Fed. 440, 69 C. C. A. 274, and United States. v. Janke (D. C.) 183 Fed. 277, and in view of the mischief against which the statute was directed, it may well be that the term "naturalization" should be given a broader meaning. In the Dolan Case, supra, it was contended that the term "certificate of citizenship," found in section 5426 of the Revised Statutes (Comp. St. § 10246), should be confined to a document purporting to certify the legal effect of judicial action in naturalization proceedings. The court held otherwise, however, quoting with approval the language of Mr. Justice Story in United States v. Winn, Fed. Cas. No. 16,740, 3 Sumn. 209, as follows:

"I agree to that rule [that penal statutes are to be strictly construed] in its true and sober sense, and that is that penal statutes are not to be enlarged by implication, or extended to cases not obviously within their words and purport. But where the words are general, and include various classes of persons, I know of no authority which would justify the court in restricting them to one class, or in giving them the narrowest interpretation, where the mischief to be redressed by the statute is equally applicable to all of them. And where a word is used in a statute, which has various known significations, I know of no rule that requires the court to adopt one in preference to another, simply because it is more restrained, if the objects of the statute equally apply to the largest and broadest sense of the word. In short, it appears to me that the proper course in all these cases is to search out and follow the true intent of the Legislature, and to adopt that sense of the words, which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the Legislature."

I have considered the question of the sufficiency of the indictment to this extent, not for the purpose of demonstrating its legal sufficiency, but for the purpose of showing that there are two sides to the question. The most that can be claimed is that the question is a doubtful one, and that doubt must be resolved in favor of the indictment, leaving the question of its sufficiency for final determination in the court in which the indictment was returned. Rowe v. Boyle (C. C. A.) 268 Fed. 809; Haas v. Henkel, 216 U. S. 462, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Henry v. Henkel,

235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. 203; Stallings v. Splain, 253 U. S. 339, 40 Sup. Ct. 537, 64 L. Ed. 940; Louie v. United States, 254 U. S. 548, 41 Sup. Ct. 188, 65 L. Ed. 399; Rodman v. Pothier, 264 U. S. 399, 44 Sup. Ct. 360, 68 L. Ed. 759. In the latter case the court said:

"Barring certain exceptional cases (unlike the present one), this court 'has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.'"

My views on all other questions remain the same. The writ of habeas corpus is therefore discharged.

### On Rehearing.

[2] A petition for a rehearing has been filed in this matter, in which it is earnestly contended that prosecutions under certain of the indictments is barred by lapse of time. This objection only goes to a portion of the indictments, and I must decline to further review the questions of law arising under the remaining indictments, where the question of the statute of limitations is not involved.

Section 1014 of the Revised Statutes provides that, "where any offender * * * is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender * * * is imprisoned seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had." Comp. St. § 1674.

Section 1027 provides: "When two or more charges are made, or two or more indictments are found against any person, only one writ or warrant shall be necessary to commit him for trial; and it shall be sufficient to state in the writ the name or general character of the offenses, or to refer to them only in very general terms." Comp. St. § 1693.

Section 1029 provides: "Only one writ or warrant is necessary to remove a prisoner from one district to another. One copy thereof may be delivered to the sheriff or jailer from whose custody the prisoner is taken, and another to the sheriff or jailer to whose custody he is committed, and the original writ, with the marshal's return thereon, shall be returned to the clerk of the district to which he is removed." Comp. St. § 1695.

[3] By reason of these provisions, it is not incumbent upon the court to inquire into the legal sufficiency of each and every charge contained in the several indictments, or to determine that there is probable cause as to each and every such charge. The application for removal, under the several indictments, is but a single proceeding, and if probable cause is shown in one case removal must follow, regardless of any conclusion the court might reach as to the charges contained in other indictments. In other words, if the several charges were contained in a single indictment under different counts, the court would not be called upon to consider the sufficiency of each and every count, or the sufficiency of the testimony to warrant removal as to each and every count. Such being the case, and the court having determined that there is probable cause as to certain of the charges, it need not consider the legal sufficiency of the testimony to warrant removal as to the remaining charges.

The petition for a rehearing is therefore denied.