## PARKER v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925. Rehearing Denied March 2, 1925.)

No. 4272.

1. **Courts ⬅349—Competency of witnesses in criminal trials in federal courts governed by common law.**

Competency of witnesses in criminal trials in the federal courts is governed by the common law, and not by the law of the state.

2. **Witnesses ⬅61(2)—Wife, who is competent on trial of defendant, is competent in removal proceedings.**

Wife, who is by Act March 23, 1906, made a competent witness on the trial of a defendant for abandonment, is competent in proceedings for his removal from another district.

3. **Criminal law ⬅242(11)—Technical error in admission of testimony in proceedings for removal of defendant not ground for reversal.**

In proceedings for the removal of a defendant to another federal district for trial, the court considers the testimony as to probable cause as a whole, and mere error in admission of testimony or in refusing to strike out testimony, is not ground for reversal.

4. **Criminal law ⬅242(2)—Accused removable for trial to District of Columbia; "offense against the United States."**

One accused in the District of Columbia of violation of Act March 23, 1906, relative to abandonment or neglect of wife or children, is within the purview of Rev. St. § 1014 (Comp.

*Certiorari denied 45 S. Ct. 513; 69 L. Ed. —.

St. § 1674), and is removable from another district thereunder, the offense being an "offense against the United States."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Offense against the United States.]

5. **Criminal law ⬅242(8)—In proceedings for removal of defendant, doubtful questions as to sufficiency of indictment are for trial court.**

While a defendant is not removable to another district for trial on an indictment which is clearly defective, all doubtful questions as to its sufficiency are for determination by the trial court.

6. **Criminal law ⬅242(11)—Order for removal of defendant, based on conflicting evidence, not reversible.**

The concurring findings of a commissioner and the District Judge, based on conflicting evidence, that probable cause was shown, warranting removal of a defendant to another district for trial, will not be disturbed on appeal.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Proceeding by the United States for removal of Clarence T. Parker to the District of Columbia for trial on a criminal charge, and petition by defendant for writ of habeas corpus. From an order denying the writ, he appeals. Affirmed.

For opinion below, see 299 F. 1006.

Wood & McArthur, of Long Beach, Cal., for appellant.

Joseph C. Burke, U. S. Atty., and Eugene T. McCann, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. An indictment was returned against the appellant in the Supreme Court of the District of Columbia, charging a violation of the Act of March 23, 1906 (34 Stat. 86), entitled "An act making it a misdemeanor in the District of Columbia to abandon or willfully neglect to provide for the support and maintenance by any person of his wife or of his or her minor children in destitute or necessitous circumstances."

The indictment contains two counts. The first count charges neglect and refusal to provide for the support and maintenance of the wife of the appellant, she being then and there in destitute and necessitous circumstances. The second count charges a like neglect and refusal to provide for the support and maintenance of two minor chil-

dren under the age of 16 years, they being then and there in destitute and necessitous circumstances. Before the return of the indictment, the appellant fled or departed from the District of Columbia, and was thereafter found in the Southern district of California. Proceedings were there instituted before a United States commissioner, under section 1014 of the Revised Statutes (Comp. St. § 1674), for the removal of the appellant to the District of Columbia for trial. Upon examination, the commissioner found that the offense had been committed as charged, and that there was probable cause to believe the appellant guilty thereof. He was thereupon held to answer for the offense before the Supreme Court of the District of Columbia, and was committed . to the custody of the United States marshal, pending removal proceedings. The case then came before the court below on application for an order of removal, and upon application for a writ of habeas corpus. The two applications were consolidated, and upon final hearing · the application for the order of removal was granted, and the application for a writ of habeas corpus denied. From the latter order this appeal is prosecuted.

[1, 2] By written stipulation of the parties the deposition of the wife of the appellant was taken in the District of Columbia, to be used upon the hearing in the court below, subject to the like objections as if the witness were personally present in court. The appellant moved to suppress this deposition upon the ground that the wife is not a competent witness against him under the laws of the state of California. Whether the wife is a competent witness against the husband under the laws of the state of California we need not inquire, for two reasons: First, the competency of witnesses in criminal trials in the courts of the United States is governed by the common law, not by the law of the state, except where Congress has made specific provision upon the subject; and, second, because the act in question expressly provides that the wife shall be a competent witness against the husband. If she is a competent witness upon the trial in the District of Columbia, she is manifestly a competent witness to establish probable cause in the state of California. Logan v. United States, 144 U. S. 263, 303, 12 S. Ct. 617, 36 L. Ed. 429; Cohen v. United States, 214 F. 23, 28, 130 C. C. A. 417.

[3] The appellant has likewise moved to strike certain answers contained in the deposition, on various grounds, such as that they are not responsive, are mere conclusions, are based upon hearsay, or are irrelevant, incompetent, or immaterial. Whether these several rulings are technically correct we need not inquire, because it was the\ duty of the court below to consider the testimony as a whole in determining the question of probable cause, and, if a correct conclusion was reached, the judgment will not be reversed for mere errors in the admission of testimony, or in the refusal to strike testimony already given.

[4] It is next contended that the court below was without jurisdiction to remove the appellant to the District of Columbia for trial, because minor offenses in that district, such as that here charged, do not come within the purview of section 1014 of the Revised Statutes. This contention is without merit. As said by the court in United' States v. Campbell (D. C.) 179 F. 762: "But if an offense against this statute is not an offense against the United States, how is it to be described? It is certainly not an offense against the District of Columbia, for the District is not a sovereignty, and has no legislative power of its own."

The offense in question is defined by an act of Congress, a violation of the act is of necessity an offense against the ° United States, and such offenses have uniformly been prosecuted as such.

[5] Various objections have been interposed to the indictment, both in matters of form and matters of substance. If the indictment were clearly defective, we would not hesitate to discharge the appellant; but no such case is presented here. Without going into the objections in detail, the most that can be said is that they present debatable questions, and it is well settled ° that all disputed questions of fact and all disputed matters of law, relating either to the sufficiency of the indictment or to the validity of the statute on which the indictment is based, are for the determination of the court in which the indictment was returned. Rowe v. Boyle (C. C. A.) 268 F. 809; Haas v. Henkle, 216 U. S. 462, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Henry v. Henkle, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203; Stallings v. Splain, 253 U. S. 339, 40 S. Ct. 537, 64 L. Ed. 940; Louie v. United States, 254 U. S. ' 548, 41 S. Ct. 188, 65 L. Ed. 399; Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759. Under these authorities it is

manifest that the objections to the indictment are not well taken.

[6] Finally, it is contended that the evidence as a whole does not support a finding that the offense was committed, or that there is probable cause to believe the appellant guilty. While the testimony offered by the government was in some respects unsatisfactory, the court below, after a full review, was satisfied that probable cause existed, and the concurrent finding of the commissioner and the lower court on conflicting testimony will not be disturbed on appeal.

The order is therefore affirmed.