### SELL v. RUSTAD, U. S. Marshal.

Circuit Court of Appeals, Eighth Circuit. November 28, 1927.

No. 7633.

1. **Habeas corpus** ☞92(1)—**Inquiry on habeas corpus to review order removing prisoner to another district is limited to jurisdiction of magistrate, sufficiency of charge, and whether any evidence warranted finding of probable cause.**

In habeas corpus proceeding to review order of commissioner for removal of petitioner to another district for trial on an indictment, the inquiry is limited to (1) whether the commissioner had jurisdiction; (2) whether the indictment charges a public offense; and (3) whether there was before the commissioner any evidence warranting the finding of probable cause.

2. **Criminal law** ☞113—**Conspiracy may be tried in any district where overt act was committed.**

Prosecution for conspiracy, wherever formed, may be had in any district where overt acts are charged to have been committed.

3. **Criminal law** ☞242(8)—**Exclusion of defensive evidence in proceeding for removal of defendant held not to invalidate order of removal.**

A proceeding for removal of an accused to another district is not a preliminary hearing, and if probable cause is shown, exclusion of defensive evidence does not invalidate order of removal.

Appeal from the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Petition by John M. Sell against Edward Rustad, United States Marshal, for writ of

habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

John P. Kyle, of St. Paul, Minn., for appellant.

M. E. Evans, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

VAN VALKENBURGH, Circuit Judge. The appellant, with 111 others, was indicted, in the Eastern division of the Northern district of Ohio, for conspiracy to violate the National Prohibition Act. 27 USCA. He resides in St. Paul, Minn., where he was arrested on a warrant issued by a United States commissioner. The government's application for removal was heard before a United States commissioner at St. Paul. The indictment was placed in evidence, and the identity of appellant as the person named and charged in the indictment was and is admitted. The commissioner held that there was probable cause for believing appellant guilty of the offense charged in the complaint, and committed appellant for removal to the Eastern Division of the Northern District of Ohio. Thereupon appellant applied to the District Court of Minnesota for writ of habeas corpus, and the government concurrently for a warrant of removal.

Upon hearing, the application for a writ a habeas corpus was denied and appellant was ordered to be removed to the Northern district of Ohio for trial. It is stated in the brief of the government, and not denied, that the hearing before the District Court was based entirely upon the record of the proceedings before the United States commissioner, which was, by stipulation, submitted as the record in the proceedings for removal. Appellant, through his counsel, stated that he had no additional evidence to offer.

For error appellant specifies:

(1) The indictment does not state a public offense.

(2) The indictment fails to apprise the defendant of the nature and cause of the accusation, and does not, therefore, constitute due process of law.

(3) The indictment charges more than one conspiracy.

(4) It appears from the evidence that no offense was committed by appellant in the Northern district of Ohio, and the court of

that district, therefore, had no jurisdiction of appellant, nor of any offense committed by him.

(5) Upon the evidence there was no probable cause for believing that appellant committed the alleged offense.

(6) That any presumption of probable cause raised by the indictment was rebutted and destroyed by the evidence of appellant.

(7) That before the commissioner competent, relevant, and material testimony for and on behalf of the appellant was excluded, the effect of which was to prevent appellant from having a fair and impartial judicial hearing.

[1] It is established that in a habeas corpus proceeding on removal the inquiry is thus limited:

(1) Whether the magistrate had jurisdiction?

(2) Whether the indictment charges a public offense?

(3) Whether there was before the commissioner any evidence warranting the finding of probable cause?

See Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522; Fernandez v. Phillips, 268 U. S. 311, 45 S. Ct. 541, 69 L. Ed. 970; United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875.

[2] In the case at bar the general jurisdiction of the commissioner is not challenged. The claim that the indictment does not charge an offense is without merit. The instrument contains 138 pages of printed matter, and its reproduction in an opinion is therefore impossible. It is sufficient to announce that an unlawful purpose to violate the provisions of the National Prohibition Act in the manufacture, possession, keeping, bartering, selling, transporting delivering, and distributing of intoxicating liquor and distilled spirits, to wit, alcohol and whisky, for beverage purposes, on the part of the defendants, including this appellant, is alleged with sufficient particularity. The part appellant was to play in the conspiracy is stated. A great many overt acts on the part of various defendants are charged. It is immaterial where the conspiracy itself was conceived, or whether appellant knew or had communication with all of his fellow conspirators, provided, with knowledge of the unlawful purpose, he was to co-operate in any way.

"If the indictment under section 5440, Rev. Stat. [18 USCA § 88], sufficiently charges the commission of overt acts within the district, it is sufficient, even if it states that the place where the conspiracy formed is

unknown." Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136.

And in Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, the Supreme Court said:

"Overt acts performed in one district by one of the parties who had conspired in another district, in violation of section 5440, Rev. Stat., give jurisdiction to the court in the district where the overt acts are performed, as to all the conspirators."

One hundred and sixth-five overt acts were alleged; some of them committed by certain of the defendants at Minneapolis, Duluth, and St. Paul, in the state of Minnesota; at Detroit, in the state of Michigan; at San Jose, in the state of California; at Chicago, in the state of Illinois; at Pittsburgh and Philadelphia, in the state of Pennsylvania; and, as fixing jurisdiction in the Northern district of Ohio, at Cleveland, in the latter district. In Hyde v. United States, supra, it was charged that the conspiracy was formed in the District of Columbia. The evidence upon the trial proved it to have been in California; but, since overt acts were committed in the District of Columbia, it was held that the case was properly triable there, and the conviction was sustained. It may be that appellant, in the Northern district of Ohio, may successfully attack the indictment on grounds of informality, duplicity, or lack of sufficient particularity. "It may be," as stated below, "that the defendant Sell is entitled to a bill of particulars, but that is a matter for the trial court to determine, and not this court."

The rule is thus stated in Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759:

"Whether the locus of the alleged crime was within the exclusive jurisdiction of the United States demands consideration of many facts and seriously controverted questions of law. As heretofore often pointed out, these matters must be determined by the court where the indictment was found. The regular course may not be anticipated by alleging want of jurisdiction and demanding a ruling thereon in a habeas corpus proceeding. Barring certain exceptional cases (unlike the present one), this court 'has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.' Henry v. Henkel, 235 U. S. 219, 229 [35 S. Ct. 54, 59 L. Ed. 203]; Louie v. U. S., 254 U. S. 548 [41 S. Ct. 188, 65 L. Ed. 399]."

It thus appears that the indictment could not fail to apprise the defendant of the nature and cause of the accusation against him, and, of course, the indictment itself is evidence of probable cause. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689.

[3] With respect to the specifications that this presumption of probable cause was rebutted and destroyed by the evidence of the appellant, and that due process of law was denied, in that competent, relevant, and material testimony on behalf of the appellant is alleged to have been excluded, the very late opinion of the Supreme Court in United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, is conclusive. It is there stated:

"He [the commissioner] is not intended to hold a preliminary trial, and, if probable cause is shown on the government side, he is not to set it aside because on the other evidence he believes the defendant innocent."

On the matter of alleged exclusion of defensive evidence the court, in United States ex rel. Hughes v. Gault, supra, said:

"On a summary proceeding like this even if the exclusion was wrong it would not be enough to invalidate the order of removal, as the commissioner indicated by his finding that he thought there were substantial grounds for the charge of guilt, and that it was not for him to decide whether they were met by the denials of the defendant even if they seemed convincing. Collins v. Loisel, 259 U. S. 309, 314, 315, 42 S. Ct. 469, 66 L. Ed. 956."

We concur in the statement of the court below that, "in view of the fact that the indictment itself is evidence of probable cause, no finding of this court that there was no evidence in the proceeding before the magistrate would be justified."

The judgment below was right, and should be affirmed. It is so ordered.