**UNITED STATES ex rel. McDERMOTT v. JAEGER, U. S. Marshal, et al.**

**No. 528.**

District Court, E. D. New York.

June 11, 1941.

Homer L. Loomis, of New York City (John C. McDermott, of New York City, of counsel), for relator.

Loomis & Williams, of New York City (Homer L. Loomis and John C. McDer-mott, both of New York City, of counsel), for defendants.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, of Brooklyn, N. Y., and T. Vincent Quinn, of Flushing, N. Y., Asst. U. S. Attys., of counsel), for respondents.

BYERS, District Judge.

This is a proceeding on the return of a writ of habeas corpus, secured on the relation of John C. McDermott, as attorney for Guiseppe Ferrara, Luigi Rosato, Salvatore Piccaluga and Eusibio Ceccarelli, to test the validity of an order of removal granted by a United States Commissioner for the purpose of bringing the named persons to trial in the United States District Court for the District of the Canal Zone, Cristobal Division.

In that court an information was filed by the United States Attorney for that District on April 8, 1941, charging that they did "unlawfully tamper with the motive power and instrumentalities of navigation of a vessel of foreign registry entitled to engage in commerce with foreign nations, to wit, the S.S. Conte Biancamano, and did then and there render useless the port and starboard turbine installations of said vessel, and did then and there destroy compasses and other instrumentalities of navigation with the intent then and there to injure and endanger the safety of the said S.S. Conte Biancamano and her cargo; and so did then and there commit the offense of Violation of Section 502, Title 18, United States Code Annotated, contrary to the law * * *."

"This information is based upon due investigation of the facts relating to the crime charged therein, and on the sworn testimony of one or more witnesses, and I believe there is just cause for the filing of this information."

Before the Commissioner, it was made clearly to appear that counsel moved to dismiss the information because on its face it does not state a cause of action or a crime. Thus, Mr. Kennedy, the United States Attorney:

"* * * Mr. Loomis, as I understand it, makes a motion to dismiss the Information on the ground that it fails to state facts sufficient to constitute a crime. The Information is before your Honor.

"Mr. Loomis: It fails to state a case of probable cause. The Information we say

on behalf of the defendants is palpably lacking in those elements necessary to constitute a case of probable cause for the removal of these defendants.

\* \* \* \* \* \*

"Mr. Kennedy: May I say, if I get your legal position perfectly clear, Mr. Loomis, as I understand it, you raise no issue of fact, but as a matter of law the Information fails to state a crime.

"Mr. Loomis: That is right."

The petition for the writ urges two grounds:

First: That, since the crime charged is an infamous one, in that a defendant convicted thereof may be sentenced to imprisonment for more than a year, these defendants may not be removed to answer the information, because they have not been indicted by a grand jury, whereby the fifth amendment to the Constitution has not been complied with.

Second: That the statute conferring jurisdiction upon the District Court of the Canal Zone, 18 U.S.C.A. § 574, in terms omits to state that said court shall have jurisdiction over offenses under § 502 of Title 18, and as a result that court is without power in the premises.

· The second objection is no longer urged, since the brief of the Government makes clear that the omission in the United States Code is due to a printing error, and that the jurisdiction of the said court was conferred by the Act of June 15, 1917, Chapter 30, 40 Stat. 231, see note to 18 U.S.C.A. § 574.

Seemingly it is argued in support of the first contention that removal may not be had because the original charge is contained in an information and not in an indictment.

The applicable statute is R.S. § 1014, 18 U.S.C.A. § 591, the opening sentence of which is: "Section 591. Arrest and removal for trial. For any crime or offense against the United States, the offender may \* \* \* be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. \* \* \* Where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

Since the statute makes no distinction between an indictment and an information as the basis for arrest or removal, the argument addressed to that point may be dismissed without discussion.

The Panama Canal Zone was acquired by treaty and thereby became property of the United States. The government thereof was originally confided to the Executive. McConaughey v. Morrow, 263 U.S. 39, 44 S.Ct. 78, 68 L.Ed. 153.

The period of Executive dominion was followed by the enactment of comprehensive legislation for the administration of the affairs of the Canal Zone, embodied in the Act of August 24, 1912, Chapter 390, 48 U.S.C.A. § 1301 et seq., including the creation of courts, and the jurisdiction confided to them.

The power of Congress, in the enactment of laws to govern territory acquired by treaty and not incorporated into the United States, has been considered and expounded by the Supreme Court in Downes v. Bidwell, 182 U.S. 244, 21 S.Ct. 770, 45 L.Ed. 1088.

As to one of the States of the United States, the constitutional provision concerning due process is not violated by a provision of the State Constitution authorizing prosecutions for felonies by information without indictment by a grand jury. Hurtado v. People of California, 110 U. S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232.

The proceedings in this cause seem therefore not to be irregular, or lacking in legal sanction.

It is not compatible with the due administration of justice that such matters as are here presented should be the subject of close and critical scrutiny in this court. It was said in a comparable case (Rodman v. Pothier, 264 U.S. 399, at page 402, 44 S. Ct. 360, 361, 68 L.Ed. 759): "Whether the locus of the alleged crime was within the exclusive jurisdiction of the United States demands consideration of many facts and seriously controverted questions of law. As heretofore often pointed out, these matters must be determined by the court where the indictment was found. The regular course may not be anticipated by alleging want of jurisdiction and demanding a ruling thereon in a habeas corpus proceeding. Barring certain exceptional cases (unlike the present one), this court—

'has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.' Henry v. Henkel, 235 U.S. 219, 229, 35 S.Ct. 54, 57 (59 L.Ed. 203); Louie v. United States, 254 U.S. 548, 41 S.Ct. 188, 65 L.Ed. 399."

The defendants urge that in United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 783, 79 L.Ed. 1501, the court distinguished between a person named in an indictment and "one accused only by complaint filed with the Commissioner" in removal cases; and that as to the latter "Evidence is required to support the allegations of the complaint", as that opinion states. From this it is contended, apparently, that the present order is deficient, since no such evidence was taken.

If the quoted language was indeed intended to apply to an information duly filed in the court of the district in which the alleged crime is said to have been committed, the fact is that the taking of evidence for these defendants before the commissioner was explicitly waived in the language above quoted from the stenographic minutes of the hearing.

Writ vacated, and defendants remanded for removal, pursuant to the order of the commissioner.