## UNITED STATES *v.* LE BRIS.

CERTIFICATE OF DIVISION IN OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Submitted April 7, 1887. — Decided April 18, 1887.

The reservation of the Red Lake and Pembina Indians, in Polk County, Minnesota, is Indian country, within the meaning of § 2139 Rev. Stat.

*Ex parte Crow Dog*, 109 U. S. 556, affirmed to the point that § 1 of the act of June 30, 1834, though repealed, may be referred to for the purpose of determining what is meant by the term "Indian country," when found in sections of the Revised Statutes which are reënactments of other sections of that act.

THE question, certified, and the answer, are stated in the opinion of the court.

*Mr. Assistant Attorney General Maury* for plaintiff.

No appearance for defendant.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an information against Baptiste Le Bris under § 2139 of the Revised Statutes, for introducing spirituous liquors, "from some place and territory outside of the Indian country, into the Indian country, to wit, into that part thereof lying and being in the county of Polk in said district, and being and known as the Red Lake and Pembina Indian Reservation." Le Bris demurred to the information, and the judges holding the Circuit Court have certified to us, that, upon the hearings of the issues of law thus presented, their opinions were opposed upon the following questions:

1. Is the reservation of the Red Lake and Pembina Indians in Polk County, Minnesota, Indian country, within the meaning of § 2139 of the Revised Statutes of the United States?

2. What is meant by Indian country in the heading of c. 4, tit. 28 of the Revised Statutes, and in the sections in that chapter which define crimes committed in Indian country?

3. Does § 5596 of the Revised Statutes repeal and abolish the definition of Indian country found in § 1 of the trade and intercourse act of June 30, 1834, 4 Stat. 729?

4. If it does, are all the provisions of c. 4, tit. 28, for punishment of crime in Indian country, nugatory?

5. If the provisions of c. 4, tit. 28 of the Revised Statutes are not rendered nugatory by § 5596, to what locality do they apply?

The important inquiry is, whether the Red Lake and Pembina Indian Reservation has been "Indian country" within the meaning of § 2139 since the Revised Statutes went into

effect. That section is a reënactment in part of § 20 of the act of June 30, 1834, c. 161, 4 Stat. 729, 732, as amended by the act of March 15, 1864, c. 33, 13 Stat. 29, and it was decided by this court in *United States* v. 43 *Gallons Whiskey*, 93 U. S. 188, and 108 U. S. 491, that this reservation was "Indian country" before the revision of the statutes. At that time § 1 of the act of June 30, 1834, *supra*, was in force, which defined the Indian country as follows:

"That all that part of the United States west of the Mississippi, and not within the states of Missouri and Louisiana, or the territory of Arkansas, and, also, that part of the United States east of the Mississippi River, and not within any state to which the Indian title has not been extinguished, for the purposes of this act, be taken and deemed to be the Indian country."

This section was not reënacted in the Revised Statutes, though other parts of the statute were. Consequently the section was repealed by § 5596 of the revision, but still we held in *Ex parte Crow Dog*, 109 U. S. 556, 561, that it might be referred to for the purpose of determining what was meant by the term "Indian country," when found in sections of the Revised Statutes which were reënactments of other sections of this statute. That decision was made since this case was heard below, and upon its authority we answer the first question certified in the affirmative. The repeal of this section does not of itself change the meaning of the term it defines when found elsewhere in the original connection. The reënacted sections are to be given the same meaning they had in the original statute unless a contrary intention is plainly manifested.

As the answer to the first question in the affirmative necessarily covers all that is material in the others, they need not be further referred to, and it is consequently ordered that it be certified to the court below that the first question is answered in the affirmative and that a further answer to the others is deemed unnecessary.

*First question answered in the affirmative; other questions not answered.*