### In re LINCOLN.

(District Court, N. D. California.   February 8, 1904.)

#### No. 13,216.

1. INDIANS—ALLOTTED LANDS—CRIMES—STATE COURT—JURISDICTION.
      Where land was allotted to an Indian under Act Cong. Oct. 1, 1890 (26 Stat. 658), providing for the reduction of the Round Valley Indian Reservation, and authorizing the agricultural lands therein to be surveyed and allotted to Indians residing thereon in severalty, such allotment did not operate to exclude the land from the reservation so as to confer jurisdiction on the courts of the state in which it was located to prosecute the allottee for a violation of the state's game laws committed on the land allotted to him.

Marshall B. Woodworth, U. S. Atty., for petitioner.
Pillsbury, Madison & Sutro, for respondent.

DE HAVEN, District Judge.   The petitioner is an Indian ward of the government residing upon the Round Valley Indian Reservation, situate in the county of Mendocino, in this state.   On January 9, 1904, in the justice's court of Round Valley township, county of Mendocino, state of California, he was convicted of the alleged offense of having deer meat in his possession on the 14th day of November, 1903, in said Round Valley township, contrary to the Penal Code of this state.   It is conceded that the alleged offense, if any, was committed at the home of the petitioner, on land which has been allotted to him by the government, under the provisions of the act of Congress approved October 1, 1890, entitled "An act to provide for the reduction of the Round Valley Indian Reservation, in the state of California, and for other purposes" (26 Stat. 658), and that such land was within the boundaries of the

Round Valley Indian Reservation as they existed at the date of the passage of said act.

The petitioner is a ward of the government, and the legal title to the land which has been allotted to him is still in the United States, and the act of allotment did not have the effect of excluding such land from the limits of the Round Valley Indian Reservation. Such being the facts, there can be no doubt that the justice's court was without jurisdiction to enter the judgment under which the imprisonment of the prisoner is sought to be justified. In re Blackbird (D. C.) 109 Fed. 139; State v. Campbell et al., 53 Minn. 354, 55 N. W. 553, 21 L. R. A. 169; United States v. Kagama, 118 U. S. 375, 6 Sup. Ct. 1109, 30 L. Ed. 228.

Petitioner discharged.