## In re AMERICAN LIME CO.

### (District Court, E. D. Tennessee. December 6, 1912.)

#### No. 937.

1. MECHANICS' LIENS (§ 32*)—"FURNISHING MATERIALS."

Semble, one who has sold machinery to the owner of a building for erection on the property, has "furnished materials" for the erection of such machinery.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 37; Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 4, pp. 3012, 3013.]

2. STATUTES (§ 225¾*)—CONSTRUCTION—MECHANIC'S LIEN—"UNDERTAKER."

Acts Tenn. 1845–46, c. 118, conferred the right to a mechanic's lien on mechanics, undertakers, founders, and machinists, and, the Supreme Court of Tennessee having held that the term "undertaker" did not include a mere furnisher of material in connection with the erection of the building, the word was retained in Code 1858, § 1981, providing that there shall be a lien on the tract of land on which a house is constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made by special contract by the owner or his agent in favor of the mechanic, undertaker, founder, or machinist, who does any part of such work or furnishes any part of the materials, etc. Held, that such section adopted the prior construction of the term "undertaker," and hence, one who merely sold machinery to the bankrupt which was erected by the bankrupt on its land, is not an undertaker entitled to a lien under section 1981.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306; Dec. Dig. § 225¾.*

For other definitions, see Words and Phrases, vol. 8, pp. 7163, 7164.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes'

201 F.—28

3. MECHANICS' LIENS (§ 32*)—FURNISHER OF MATERIAL—STATUTES.

A creditor of a bankrupt, who merely furnished machinery under a contract of sale which was erected by the bankrupt on its land, but constituted no part of any house or building, and was therefore not entitled to a lien as a mechanic, undertaker, founder, or machinist under Code Tenn. 1858, § 1981, was also not entitled to a lien under Acts 1859–60, c. 114 (Shannon's Code, § 3531), providing that the mechanics' lien act shall apply to all persons doing any portion of the work or furnishing any portion of the material for the building contemplated by section 1981.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 37; Dec. Dig. § 32.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the American Lime Company. A claim of lien by Davis, Kelly & Co. for certain machinery alleged to have been sold to the bankrupt having been overruled by the referee, they petition for review. Order affirmed.

The petitioners claimed a lien on the real estate of the bankrupt for the purchase price of a cableway engine and equipment which they sold and delivered to the bankrupt, and which were erected by the bankrupt on a tract of land owned by it, but which were not erected in any house or building and constituted no part of any house or building. This claim of lien having been disallowed by the referee, the claimants filed a petition for review.

W. B. Miller and D. L. Grayson, of Chattanooga, Tenn., for petitioners.

Pritchard, Allison & Lynch, of Chattanooga, Tenn., for trustee in bankruptcy.

Memorandum Opinion. Published by Request.

SANFORD, District Judge. While the witness Kelly states that Davis, Kelly & Co. were "undertakers," I think it is immaterial whether they were merely jobbers selling machinery, as stated by the witness Walker, or also undertook generally contracts for the erection of machinery, since it is clear that in this particular instance they merely sold the machinery to the bankrupt under a special contract, and did not themselves either undertake to erect it or in fact erect it. See East Tenn. Iron Co. v. Bynum, 3 Sneed (Tenn.) 268, 270, 65 Am. Dec. 56.

On this state of facts I have reached the following conclusions:

[1] 1. Section 1981 of the Tennessee Code of 1858 provides as follows:

"There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials, or any part of the materials, or puts thereon any fixtures, machinery or material, either of wood or metal."

While the petitioners did not "put" the machinery in question on the tract of land, that is, erect it, they furnished the owner the ma-

chinery which was erected on the tract of land. And as this section provides that there shall be a lien upon any tract of land upon which fixtures or machinery have been furnished *or* erected, in favor of the mechanic or undertaker furnishing any part of the materials, it would not be a strained construction of this section, I think, to hold that the person who sells machinery to the owner for erection on the property has furnished the "materials" for the erection of such machinery, and is therefore entitled to a lien, provided he comes within the class of persons who are declared by the statute to be entitled to the lien.

[2] It is well settled, however, that while this statute is to be liberally construed in reference to the property to which the lien attaches, only those persons enumerated and embraced in the statute are to be held entitled to the lien, and that no persons are to be included under its provisions unless they make it clearly appear that they are so entitled, without a strained construction of the statute. Nanz v. Park Co., 103 Tenn. 299, 302, 52 S. W. 999, 47 L. R. A. 273, 76 Am. St. Rep. 650. However, by the express terms of this section of the Code, the lien exists in favor only of mechanics, undertakers, founders, and machinists. It is not contended that the petitioners are either mechanics, founders, or machinists; but it is insisted that they are undertakers within the meaning of the Code provision. I should be strongly disposed to hold that one who contracts to furnish materials for the erection of a house, fixtures, or machinery is such an "undertaker," were it not for the decisions of the Supreme Court of Tennessee construing the meaning of the word "undertaker" as used in the Tennessee act of January 28, 1846 (Acts 1845–46, p. 185, c. 118), from which this Code provision is derived, with some enlargements of its terms. This act of 1846, among other things, gave a lien to any mechanic or undertaker who, by special contract with the owner of land, constructed or repaired any house, fixtures, or improvements, or furnished any materials therefor, or did any work upon such house.

In Greenwood v. Tenn. Mfg. Co., 2 Swan (Tenn.) 130, 135 (1852), it was held that a merchant who contracted with the owner to furnish material to be used in the erection of a building was not a "mechanic" or "undertaker" within the meaning of the act, and was not entitled to a lien. And in Stevens v. Wells, 4 Sneed (Tenn.) 387, 389 (1857), it was held that dealers in lumber who had furnished the owner of land with lumber for the purpose of building a house, which was used for that purpose, but who were in no way connected with the building of the house, were neither mechanics nor undertakers entitled to a lien under the act of 1846. The court said:

"Complainants are within neither of these provisions: They are neither mechanics who have worked upon the house, nor are they undertakers for its construction. * * * They have simply sold the *owner* a bill of lumber, for which the statute gives them no lien, and they stand as other creditors of the owner. See Greenwood et al. v. Tennessee Mfg. Co., 2 Swan, 130."

And while there are dicta in East Tenn. Iron Co. v. Bynum, 3 Sneed (Tenn.) 268, 270, 65 Am. Dec. 56, and Electric Light Co. v.

Gas Co., 99 Tenn. 371, 375, 42 S. W. 19, to the effect that the furnisher of materials, fixtures, or machinery is entitled to a lien under the statute, I cannot regard the inadvertent expressions contained in these cases, on a point not involved in the decisions, as controlling the two express decisions of the Supreme Court of Tennessee above cited, giving a fixed and definite meaning to the word "undertaker," as used in the act of 1846. And since the Legislature in re-enacting the provisions of the act of 1846 in section 1981 of the Code of 1858 adopted the same word "undertaker," it must, in the absence of a plainly expressed intention to the contrary, be held that the Legislature adopted the construction which the Supreme Court of Tennessee had given to that word under its previous decisions, and made such construction a part of the statutory provision. United States v. Le Bris, 121 U. S. 278, 280, 7 Sup. Ct. 894, 30 L. Ed. 946; Sessions v. Romadka, 145 U. S. 29, 42, 12 Sup. Ct. 799, 36 L. Ed. 609. And hence, although as an original question I should probably have reached a different conclusion, I am constrained to hold, in view of the decisions of the Supreme Court of Tennessee above cited, that the petitioners are not undertakers entitled to a lien within the meaning of section 1981 of the Code.

[3] 2. Neither are the petitioners entitled to a lien by reason of the provision of the Tennessee act of March 22, 1860 (Acts 1859–60, p. 105, c. 114), amending section 1981 of the Code so that its benefits "shall apply to all persons doing any portion of the work, or furnishing any portion of the material for the building contemplated in said section." Shannon's Code, § 3531. This question is conclusively determined by the case of Allman v. Corban, 4 Baxt. (Tenn.) 74, 77, in which it was held that no lien existed under this act in favor of a person who was not a mechanic, undertaker, founder, or machinist, who merely furnished machinery to a mill building without aiding in the construction of the building or the putting up of the machinery; the words "building contemplated," as used in this amendment, being held by the court to relate to the house which had been constructed, built, or repaired, and not to machinery or fixtures placed in the house or building. A fortiori it cannot be held to apply to the case of machinery of the character involved in this suit, which is no part of any house or building, but was merely erected upon the tract of land.

3. For the foregoing reasons I find no error in the order of the referee disallowing the lien claimed by the petitioners. An order will, accordingly, be entered affirming the order of the referee and dismissing the petition to review at the cost of the petitioners.