## PRONOVOST *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

No. 128.   Submitted January 15, 1914.—Decided February 24, 1914.

Under the act of January 30, 1897, 29 Stat. 506, it is an offense against the United States to introduce liquor into the Indian country, and this act embraces Indian country within a State.

An Indian reservation is Indian country, and this court takes judicial notice of the existence at a specified time of a reservation established by treaty and statute.

With exceptions immaterial here, the jurisdiction of the District Court of the United States, as prescribed by law, embraces all offenses against the United States committed within the district.

THE facts, which involve the jurisdiction of the District Court of a criminal prosecution for introducing intoxicat-

ing liquor into the Indian country, are stated in the opinion.

*Mr. Assistant Attorney General Wallace* for the United States.

No brief filed by plaintiff in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a criminal prosecution for introducing intoxicating liquors into the Indian country. Upon the trial, the jury found the defendant guilty, and a judgment of conviction followed, to reverse which he sued out this direct writ of error. No brief or argument has been submitted in his behalf, and the grounds upon which he seeks a reversal are not made clear.

It appears that the jurisdiction of the District Court was challenged upon some ground, not disclosed in the record, and that the objection was overruled. The indictment is in the usual form, gives January 2, 1911, as the date of the offense, describes the liquors as consisting of designated quantities of whiskey, wine and beer, and charges that they were introduced by the defendant into the Flathead Indian Reservation, in the State of Montana, the same "then and there being an Indian country." A brief bill of exceptions recites that the Government produced evidence in support of the charge and that the defendant admitted the introduction of the liquors "as charged in the indictment." Nothing more appears respecting what was shown at the trial.

An act of Congress of January 30, 1897, makes the introduction of liquors, such as whiskey, wine and beer, into the Indian country an offense against the United States, and prescribes its punishment. 29 Stat. 506, c. 109.

This act embraces Indian country within the limits of a State. *Hallowell* v. *United States,* 221 U. S. 317; *United States* v. *Wright,* 229 U. S. 226, 237. An Indian reservation is Indian country (*Clairmont* v. *United States,* 225 U. S. 551), and we take judicial notice that on the date named there was an Indian reservation in the State of Montana known as the Flathead Indian Reservation. Treaty of July 16, 1855, 12 Stat. 975, Art. II; Acts, April 23, 1904, 33 Stat. 302, 304, c. 1495, § 12; March 3, 1905, 33 Stat. 1048, 1080, c. 1479, § 9; Rep. Com. Ind. Affairs, 1911, p. 83. Subject to exceptions not here material, the jurisdiction of the District Court, as prescribed by law, embraced all offenses against the United States committed within the State of Montana. Rev. Stat., § 563; act of February 22, 1889, c. 180, § 21, 25 Stat. 676, 682.

Thus we see, not only that the grounds upon which the court's jurisdiction was challenged are not disclosed by the record, but also that, so far as appears, the offense charged in the indictment and shown at the trial was manifestly cognizable in the District Court.

The bill of exceptions contains a further recital that the defendant, at the conclusion of the evidence, requested the court to direct a verdict of acquittal upon the ground that the town of Polson was incorporated under the laws of Montana and subject to the State's police power, and that the subject-matter of the case was not within the control of the United States. In this there may have been an indirect assertion that the liquors were introduced into the town of Polson, not into the Flathead Indian Reservation, and that the offense, if any, was not one against the United States. But, even if so, the assertion has no other support in the record. The indictment makes no mention of the town of Polson, and neither does the recital respecting what was shown at the trial. The latter, as we have seen, states that the Government pro-

duced evidence in support of the charge and that the defendant admitted the introduction of the liquors "as charged in the indictment." The natural import of this is that the liquors were introduced into the Flathead Indian Reservation. In this situation the reference to the town of Polson cannot be regarded as a factor in the case. But, as bearing upon the possible status of the lands occupied by the town, see *Perrin* v. *United States, ante,* p. 478; Act of June 21, 1906, c. 3504, § 17, 34 Stat. 325, 354; Act of March 3, 1909, c. 263, § 21, 35 Stat. 781, 795.

As no real question of the District Court's jurisdiction is involved, nor any constitutional or treaty question, there is no basis for the direct writ of error. The Judicial Code, § 238.

*Writ of error dismissed.*