## UNITED STATES v. SOLDANA ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF MONTANA.

No. 325.  Argued March 4, 1918.—Decided April 15, 1918.

In view of restrictions and conditions for the protection of the Indians
    contained in the Acts of May 1, 1888, c. 213, 25 Stat. 113, and Febru-
    ary 12, 1889, c. 134, 25 Stat. 660, the grant made by the latter
    to the Big Horn Southern Railroad Company of a right of way
    through the Crow Reservation, whether amounting to a mere
    easement, a limited fee, or some other limited interest, was not
    intended to extinguish the title of the Indians in the land comprised
    within such right of way; which, therefore, remains "Indian coun-
    try" within the meaning of the Indian Liquor Act of January 30,
    1897, c. 109, 29 Stat. 506.

Reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United
States.

No appearance for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the
court.

The Act of January 30, 1897, c. 109, 29 Stat. 506,[1] makes
it a criminal offence to introduce intoxicating liquors "into
the Indian country."  For violating that law, Soldana and
Herrera were indicted in the District Court of the United
States for the District of Montana.  The indictment

---

[1] This repealed, so far as it was inconsistent, the Act of July 23,
1892, c. 234, 27 Stat. 260, which amended Revised Statutes, § 2139,
as amended by Act of February 27, 1877, c. 69, 19 Stat. 244.

charged that the liquor was introduced "within the exterior boundaries of the Crow Indian Reservation" in that State, but upon "the station platform of the Chicago, Burlington and Quincy Railway Company, at the town of Crow Agency" upon the right of way of said railroad. Defendants demurred, contending that the station platform was not within Indian country and that, therefore, no offence was alleged. The District Court sustained the demurrer and discharged the prisoners. The case came here under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246.

Crow Indian Reservation consists of nearly two and a half million acres located in the southwestern part of Montana. The Government agency is at Crow Agency which lies north of the middle of the reservation on the Chicago, Burlington and Quincy Railway, which runs through the heart of the reservation from north to south. The right of way is one hundred and fifty feet wide except where additional ground is allowed for stations. Whether or not the station platform is Indian country depends upon the construction to be given to the act of Congress granting the right of way. If the Indian title to the soil on which the platform stands was extinguished by that grant, the platform was not within Indian country. *Bates* v. *Clark*, 95 U. S. 204.[1] Did the statutes except from the reservation the land on which the railroad was built and extinguish the Indian title, or did they merely give to the company a right of way or other limited interest in the land on which to construct and operate a railroad?

[1] Other cases giving criteria for determining the meaning of "Indian country" are: *American Fur Co.* v. *United States*, 2 Pet. 358; *Ex parte Crow Dog*, 109 U. S. 556; *United States* v. *Le Bris*, 121 U. S. 278; *Dick* v. *United States*, 208 U. S. 340; *United States* v. *Celestine*, 215 U. S. 278; *Clairmont* v. *United States*, 225 U. S. 551; *Donnelly* v. *United States*, 228 U. S. 243; *United States* v. *Pelican*, 232 U. S. 442; *Pronovost* v. *United States*, 232 U. S. 487.

The statutes to be considered are Act of May 1, 1888, c. 213, 25 Stat. 113, confirming the establishment of the reservation and Act of February 12, 1889, c. 134, 25 Stat. 660, granting a right of way through the reservation to the Big Horn Southern Railroad. Whatever rights it acquired were transferred to the Burlington under Act of March 1, 1893, c. 192, 27 Stat. 529.

The Act of 1888 provided that whenever, in the opinion of the President, public interests require the construction of railroads through any portion of the reservation, the "right of way shall be, and is hereby, granted for such purposes, under such rules, regulations, limitations, and restrictions as the Secretary of the Interior may prescribe." The Act of 1889 provided, by § 3, that "the surveys, construction, and operation of such railroad shall be conducted with due regard for the rights of the Indians and in accordance with such rules and regulations as the Secretary of the Interior may make to carry out this provision." Section 5 declared that the grant of the right of way was upon the expressed condition that the grantee and its successors "will neither aid, advise, nor assist in any effort looking towards the changing or extinguishing the present tenure of the Indians in their land, and will not attempt to secure from the Indian tribes any further grant of land or its occupancy than is hereinbefore provided: *Provided,* That any violation of the condition mentioned in this section shall operate as a forfeiture of all the rights and privileges of said railroad company under this act."

Whether these acts should be held to have granted a mere easement or a limited fee or some other limited interest in the land, *New Mexico* v. *United States Trust Co.,* 172 U. S. 171; *Northern Pacific Ry. Co.* v. *Townsend,* 190 U. S. 267; *Rio Grande Western Ry. Co.* v. *Stringham,* 239 U. S. 44; it is clear that it was not the purpose of Congress to extinguish the title of the Indians in

the land comprised within the right of way. To have excepted this strip from the reservation would have divided it in two; and would have rendered it much more difficult, if not impossible, to afford that protection to the Indians which the provisions quoted were designed to ensure. The case of *Clairmont* v. *United States*, 225 U. S. 551, which is the basis of the decision in *United States* v. *Lindahl*, 221 Fed. Rep. 143, relied upon by the lower court, involved a statute which extinguished the Indian title.

The judgment of the District Court is

*Reversed.*