## THE LILY.

No. 7256.

Circuit Court of Appeals, Ninth Circuit.

March 16, 1934.

J. Wesley Cupp and Richard L. Gray, both of Los Angeles, Cal., for appellants.

Murphy & Doherty and Jerome D. Rolston, both of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

■■ The libelants are seamen who shipped at San Pedro, Cal., aboard the schooner Lily on a voyage down the Mexican coast to Magdelena Bay, Mexico, and thence to Mexican waters to carry on salvage operations on the Steamship Columbia and a fishing vessel, the Vitality, which had been wrecked. Libelants had orally agreed to serve as members of the crew for compensation to be determined by a percentage of the profits of the venture. Prior to sailing from Los Angeles Harbor purported shipping articles were signed by C. W. Wilkins, as master, and William Lahti, one of the libelants, but were not signed by the other libelants, whose names were written on the shipping articles by respondent Edwards. These purported shipping articles were not executed and filed in accordance with the laws relating thereto and were therefore null and

void. Upon completion of the contemplated salvage operations, the vessel returned to San Diego Harbor where all but the libelant Olsen left the vessel, Olsen remaining aboard on its return to San Pedro. Thereafter, libelants filed this action for seamen's wages based upon section 1 of the Act of July 20, 1790 (1 Stat. 131), which is as follows:

"From and after the first day of December next, every master or commander of any ship or vessel bound from a port in the United States to any foreign port, or of any ship or vessel of the burthen of fifty tons or upwards, bound from a port in one state to a port in any other than an adjoining state, shall, before he proceed on such voyage, make an agreement in writing or in print, with every seaman or mariner on board such ship or vessel * * * declaring the voyage or voyages, term or terms of time, for which such seaman or mariner shall be shipped. * * * "

Under section 4521 of the Revised Statutes (46 USCA § 575), libelants seek to recover the highest wages that had been given at San Pedro for a similar voyage within three months before the time they shipped because of the failure of the master to comply with the above-quoted section.

The special master to whom the matter was referred found the facts as above stated, but held that there was no law requiring the signing of shipping articles by master and crew where the contemplated voyage was to Mexico. The District Judge confirmed and adopted the findings and conclusions of the special master and the libelants take this appeal from the decree entered pursuant thereto.

Libelants claim that section 1 of the act of 1790 (1 Stat. 131) requiring master and crew to sign shipping articles is still in force as applied to voyages to Mexican ports. It will be unnecessary to detail the legislative history in relation to shipping articles. Such history will be found in the opinion of the court in The City of Mexico, Fed. Cas. No. 2,756, and U. S. v. City of Mexico, Fed. Cas. No. 14,797, and in the decision of the Supreme Court in United States v. The Grace Lothrop, 95 U. S. 527, 24 L. Ed. 514. It was held in U. S. v. City of Mexico, supra, decided in 1874, that legislation subsequent to 1790 (Act of June 7, 1872, 17 Stat. 265, and Act of Jan. 15, 1873, 17 Stat. 410) had not repealed the Act of 1790 in so far as it applied to voyages to Mexican and certain other ports, and that in such cases the subsequent legislation had not changed the requirement relating to the signing of shipping articles

for such voyages. This decision is not questioned by respondents and need not be considered by us in view of our conclusion. Respondents' claim is that the Revised Statutes expressly repealed the act of 1790. This claim is based upon section 5596 of the Revised Statutes and must be sustained. That section provides as follows:

"All acts of Congress passed prior to said first day of December one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof; all parts of such acts not contained in such revision, having been repealed or superseded by subsequent acts, or not being general and permanent in their nature; * * * and all acts of Congress passed prior to said last-named day no part of which are embraced in said revision, shall not be affected or changed by its enactment."

Provisions of the Act of July 20, 1790, are included in the Revised Statutes. Sections 4520, 4521, and 4522 of the Revised Statutes (46 USCA §§ 574–576) were taken from the Act of 1790 as shown by the marginal references in the Revised Statutes. Section 4520 is taken from section 1 of the Act of 1790, according to the marginal reference and a comparison of that section of the Revised Statutes with section 1 of the act of 1790 shows that the latter was taken from the former. However, that section of the Revised Statutes is not as broad as section 1 of the Act of 1790. The latter section (section 1) applied to all foreign shipping as well as to the interstate shipping now covered by section 4520 of the Revised Statutes. Foreign commerce was omitted from section 4520 of the Revised Statutes. This partial inclusion and partial exclusion of the provisions of section 1 of the act of 1790 brings the excluded portions squarely within the repealing clause of Rev. St. § 5596, supra. If this is a matter of doubt, the inclusion in the Revised Statutes of other sections of the act of 1790 (sections 4521, 4522) make it certain that the repealing clause of section 5596 applies to all portions of the act of 1790 not included. It may be that Congress in enacting the Revised Statutes assumed that all shipping for foreign ports was covered by other provisions of the Revised Statutes, whereas voyages to ports of Mexico, the West Indies, and British North America were not covered by the section requiring shipping articles to be signed in the presence of a shipping commissioner (section 4511, Rev. St. [46 USCA § 564]; 46 USCA § 563). Whether the doc-

trine of implied repeal (U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082) would require us to hold that the Act of 1790 was thus repealed by implication, is perhaps a matter of some doubt, but that doubt is settled by the express repeal contained in the Revised Statutes (section 5596). The effect of this section has been frequently before the courts. The general principle involved is stated by the Supreme Court in Dwight v. Merritt, 140 U. S. 213, 217, 11 S. Ct. 768, 769, 35 L. Ed. 450, as follows:

"The Revised Statutes are not a mere compilation and consolidation of the laws of congress in force on the 1st of December, 1873. The object of that revision was to simplify and bring together all statutes and parts of statutes which, from similarity of subject, ought to be brought together, to expunge redundant and obsolete enactments, and to make such alterations as might be necessary to reconcile contradictions and amend imperfections in the original text of the pre-existing statutes. All those statutes were abrogated by section 5596, which provides that 'all acts of congress passed prior to said first day of December, one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof.' "

The repealing clause of Rev. St. § 5596 was applied by the Supreme Court in Campbell v. City of Haverhill, 155 U. S. 610, 15 S. Ct. 217, 218, 39 L. Ed. 280, where the court, speaking of a clause of a prior act omitted in the Revised Statutes, said:

"This clause was omitted, however, in the compilation of the Revised Statutes, and therefore expired after the passage of the Revision, June 22, 1874; section 5596 enacting that all acts prior to December 1, 1873, any portion of which was embraced in any section of the Revision, should be repealed."

We cite other cases on the subject without further discussion. Bechtel v. United States, 101 U. S. 597, 25 L. Ed. 1019; United States v. Le Bris, 121 U. S. 278, 7 S. Ct. 894, 30 L. Ed. 946; Deffeback v. Hawke, 115 U. S. 393, 402, 6 S. Ct. 95, 29 L. Ed. 423; Kurtz v. Moffitt, 115 U. S. 487, 504, 6 S. Ct. 148, 29 L. Ed. 458; Donnelly v. United States, 228 U. S. 269, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710.

Section 4511 of the Revised Statutes (46 USCA § 564), requires written agreements with seamen on voyages to any foreign port other than to the ports of Mexico, West Indies, and British North America. No statute has been called to our attention and we have found none which requires written agreements with seamen on voyages to the ports of Mexico. Libelants concede that, unless the Act of July 20, 1790, is still in effect in regard to such voyages, there is no statutory requirement for a written agreement in this case and, as we have seen, the act of 1790 is no longer in effect.

■ Libelants contend that in the case at bar even in absence of statute a written agreement with seamen before proceeding on a voyage to Mexico is required by the general maritime law. In view of the legislative history of acts requiring such written agreements, this contention is untenable.

■ The trial court in its amended order confirming the report of the special master gave libelants leave to amend their libel in accordance with the facts found by the special master with instructions to him to take an account between libelants and respondents of such a profit-sharing enterprise; but with costs only from the date of filing the amended libel. The libelants did not avail themselves of this privilege. In its final decree the trial court taxed all costs against the libelants except the fees of the special master which were taxed as costs against the respondents. Libelants contend that it was error for the trial court to tax costs against libelants. In admiralty the matter of costs rests in the discretion of the trial court and very wide latitude has been exercised. In the absence of a clear abuse of that discretion the trial court's determination will not be disturbed on appeal. The Maggie J. Smith, 123 U. S. 349, 356, 8 S. Ct. 159, 31 L. Ed. 175; The Lyra (C. C. A.) 255 F. 667; Benedict on Admiralty (5th Ed.) vol. 1, p. 520.

Decree affirmed.