**Ex parte KONAHA.**

**No. 690.**

District Court, E. D. Wisconsin.

Feb. 27, 1942.

Jack Schumacher, of Shawano, Wis., for petitioner.

O. Strossenreuther, Dist. Atty., of Shawano, Wis., for respondent.

DUFFY, District Judge.

Ed Konaha is an enrolled member of the Menominee Tribe of Indians. He resides on the Menominee Indian Reservation located in this judicial district. This reservation is an unallotted reservation in tribal ownership. Konaha is in the custody of the Sheriff of Shawano County, Wisconsin, by reason of being bound over to the Circuit Court of Shawano County for trial, on the charge of negligent homicide, contrary to Sec. 340.271 of the Wisconsin Statutes. So far as applicable, said section provides:

"Any person who by operation of any vehicle while under the influence of alcoholic beverages * * * shall cause the death of another shall be deemed guilty of negligent homicide * * *."

It is without dispute that the charge and arrest are based upon an occurrence upon a portion of State Highway 47 located entirely within the boundary of the Menominee Indian Reservation. It is charged Konaha drove his automobile while under the influence of alcoholic beverages, and caused the death of another enrolled member of the Menominee Tribe.

A writ of habeas corpus was issued out of this court; and upon the return thereof, the Sheriff of Shawano County and the State of Wisconsin contend that Konaha is legally and properly in the custody of the sheriff and that the Circuit Court of Shawano County has complete jurisdiction of the offense charged. Reliance is placed upon a recent decision of the Wisconsin Supreme Court in the case of State v. Tucker, 237 Wis. 310, 296 N.W. 645.

In that case an enrolled member of the Menominee Tribe, living on the reservation, was convicted of driving his truck upon a portion of Highway 47 within the boundaries of the reservation, without having registered said truck in the office of the Secretary of State, and paying the required registration fees, pursuant to Sec. 85.01, Wisconsin Statutes. The Wisconsin Supreme Court upheld the conviction on that charge. The decision is based upon the proposition that the Menominee Indians have only the possessory right of occupancy of the land in the reservation; that the fee is in the United States; and that the permission given by the Secretary of the Interior for a right of way to construct and maintain a State highway through the

reservation destroyed the Indian title to that portion occupied by the State highway.

State Highway 47 was established across the Menominee reservation by permission of the Secretary of the Interior, given pursuant to Sec. 4, Chap. 832, Act of March 3, 1901, 31 Stat. p. 1084, 25 U.S.C.A. § 311. While it is true that the United States Supreme Court in several early cases [1] did refer to the right of the Indians as "only a right of occupancy", that expression was used where a question was raised as to the power of the United States to deal with Indian lands, as distinguished from those instances where the question dealt with the scope and the nature of the Indian rights in the land. In the case of Johnson v. McIntosh, 8 Wheat. 543, 572, 5 L.Ed. 681, Chief Justice Marshall pointed out that Indian ownership was limited only in the sense that the ultimate fee belongs to the United States and that the Indians have no power of alienation. A quite recent pronouncement by the United States Supreme Court appears in United States v. Shoshone Tribe, 304 U.S. 111, 116, 58 S. Ct. 794, 797, 82 L.Ed. 1213:

"* * * For all practical purposes, the tribe owned the land. Grants of land subject to the Indian title by the United States, which had only the naked fee, would transfer no beneficial interest. * * * The right of perpetual and exclusive occupancy of the land is not less valuable than full title in fee."

The United States Supreme Court said in United States v. Soldana, 246 U.S. 530, 532, 38 S.Ct. 357, 358, 62 L.Ed. 870:

"Whether these acts should be held to have granted a mere easement or a limited fee or some other limited interest in the land [citing cases], it is clear that it was not the purpose of Congress to extinguish the title of the Indians in the land comprised within the right of way. * * *"

I believe that the Supreme Court of Montana applied the correct rule of law in State v. Monroe, 83 Mont. 556, 274 P. 840. There the offense took place on a highway crossing the Flathead Indian Reservation. This highway was established pursuant to the same Congressional act under which Wisconsin Highway 47 was established. The court, following the Soldana case, supra, concluded that the grant of permission to construct and maintain the highway did not constitute a relinquishment of the jurisdiction of the United States over the land used as a highway.

It is firmly established, therefore, that Indian title is equivalent to beneficial ownership. It follows that the granting of an easement, for the purpose of constructing and maintaining a highway, did not extinguish the Indians' underlying title. If Highway 47 were abandoned, the soil underneath the present roadbed would revert to the Menominee Tribe.

Believing that the decision in State v. Tucker, supra, is unsound, an inquiry must be made as to whether the facts in the case at bar can be distinguished from those in the Tucker case; and if not, whether this court is bound, under the doctrine of Erie Railway Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to follow the Tucker case.

In the Tucker case the court had before it a State statute regulating the use of motor vehicles upon the public highways of Wisconsin. There might be some basis for the contention that the right to maintain a public highway necessarily extended to regulations reasonably required for the operation of vehicles thereon. But the statute under which Konaha is being prosecuted is no part of the regulations set up to cover the operation of motor vehicles upon the highways. The provisions of the statute he is alleged to have violated, Sec. 340.271, are not limited to either motor vehicles or to highways. The driver of any kind of a vehicle, driving under the influence of alcoholic beverages, and causing the death of another, could be prosecuted under Sec. 340.271, even though that vehicle were on a private driveway or in a farmer's field.

Sec. 328 of the Federal Criminal Code, 18 U.S.C.A., § 548, provides:

"All Indians committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, * * * on and within any Indian reservation under the jurisdiction of the United States Government, *including rights of way running through the reservation,* shall be subject to the same laws, tried in the same courts, and in the same manner, and be subject to the same penalties as are all

---

[1] United States v. Cook, 19 Wall. 591, 594, 22 L.Ed. 210; Beecher v. Wetherby, 95 U. S. 517, 24 L.Ed. 440.

other persons committing any of the above crimes within the exclusive jurisdiction of the United States: * * *." (Italics supplied.)

The Wisconsin Supreme Court in State v. Rufus, 205 Wis. 317, 237 N.W. 67, held that, in the absence of legislation by Congress conferring it, Wisconsin courts have no jurisdiction to punish crimes committed by tribal Indians on Indian reservations.

■■■ Whether there is a reasonable basis for distinguishing the facts of the Tucker case from the facts here involved need not be decided, because it is my opinion that this court is not bound by that decision. The members of the Menominee Tribe are exclusive wards of the United States. United States v. Kagama, 118 U.S. 375, 383, 6 S.Ct. 1109, 30 L.Ed. 228; Cherokee Nation v. Hitchcock, 187 U.S. 294, 305, 23 S.Ct. 115, 47 L.Ed. 183. The relationship between the United States and the Menominee Tribe is based upon treaties. Permission was given to the State authorities to construct and maintain Highway 47 pursuant to an act of Congress. No express authority has been granted by Congress giving the State courts jurisdiction over an offense such as we are now considering. The writ of habeas corpus should be sustained, and the defendant discharged from custody.

