## In re FREDENBERG.

### Civ. A. No. 3514.

District Court, E. D. Wisconsin.
April 2, 1946.

Lloyd G. Andrews, of Shawano, Wis., and Samuel J. Flickinger, of Chicago, Ill., for petitioner.

Ovid B. Strossenruether, of Shawano, Wis., for Sheriff of Shawano County.

DUFFY, District Judge.

This is an application for a writ of habeas corpus. Petitioner is an enrolled member of the Menominee tribe of Indians, living upon the Menominee Indian Reservation in Wisconsin. He owns and operates a motor truck on said reservation, hauling logs from various logging camps within the reservation to the Menominee Indian Mills. All of such log hauling and trucking is performed by petitioner within

the exterior boundaries of the Menominee Indian Reservation. The course of the truck routes to and from the reservation logging camps and the Menominee Indian Mills cause the petitioner to traverse reservation logging roads, other reservation roads, and Wisconsin State Highway 47. This State highway was located and established across the Indian Reservation by the State of Wisconsin in 1940, pursuant to the authority of the Act of March 3, 1901, c. 832, 31 Stat. 1084, 25 U.S.C.A. § 311, by permission of the federal government.

Petitioner's truck is not registered with nor has a registration been paid in the office of the Motor Vehicle Department for the State of Wisconsin under the requirements of Sec. 85.01 of the Wisconsin Statutes. While petitioner was operating his truck as above described on State Highway 47 within the exterior boundaries of the Menominee Indian Reservation, he was arrested by a Shawano County traffic officer and was charged with the violation of said Sec. 85.01, in failing to register his vehicle with and to pay the required registration fee to the Motor Vehicle Department of the State of Wisconsin.

A trial on said charge was had in Justice Court in Shawano County and petitioner was found guilty and sentenced to pay a fine of $10 and costs or serve 10 days in the Shawano County Jail. The fine was not paid and a commitment was issued on March 25, 1946, and petitioner is now incarcerated under said commitment. The respondent sheriff of Shawano County admits that the petitioner is being restrained under the authority of the commitment hereinbefore described.

The Supreme Court of the State of Wisconsin in State v. Tucker, 237 Wis. 310, 296 N.W. 645, upheld the conviction of an enrolled member of the Menominee tribe living on the reservation for operating his truck upon a portion of Highway 47 within the boundaries of the Indian reservation without having registered said truck as required by Wisconsin statutes. If this court were bound by that case then the petition for the writ herein would have to be denied.

This court stated in the case of Application of Konaha, D.C., 43 F.Supp. 747, that the decision in State v. Tucker, supra, was unsound and that this court was not bound by that decision. In the Konaha case the petitioner had been arrested on a charge of manslaughter under Sec. 340.271, Wis. Stats., which provides: "Any person who by operation of any vehicle while under the influence of alcoholic beverages * * * shall cause the death of another shall be deemed guilty of negligent homicide * * *." In affirming the judgment of this court the Circuit Court of Appeals in Application of Konaha, 7 Cir., 131 F.2d 737, left undecided the question on facts such as presented in the case now before us. To ascertain to just what extent the Court of Appeals did rule on the questions here involved, the following quotations from that opinion are pertinent:

"It seems to be well settled that in the absence of legislation by Congress conferring jurisdiction upon the Wisconsin state courts, they have no jurisdiction of crimes committed by tribal Indians on Indian reservations. State v. Rufus, 205 Wis. 317, 237 N.W. 67; United States v. Kagama, 118 U.S. 375, 6 S.Ct. 1109, 30 L.Ed. 228.

"As no grant of jurisdiction was ever made by the Congress, it follows that our inquiry is narrowed to a consideration of the effect of the grant of authority to Wisconsin to build and maintain a highway through the reservation. More specifically, it is this: By granting to the State of Wisconsin permission to extend its highway through the Menominee Indian Reservation, did the Federal Government relinquish any of its jurisdiction, or grant to the State of Wisconsin any jurisdiction, over crimes committed by an Indian member on the reservation?" 131 F.2d at page 738.

And (131 F.2d at page 739):

"A study of the grant of Wisconsin's right to maintain the highway shows that it, too, failed to contain any reference to the jurisdiction of criminal offenses committed by any Indian member, on the highway which the state was to construct in this reservation."

And further (131 F.2d at page 739):

"Whether there was an implied grant of jurisdiction to Wisconsin so as to permit adequate protection of its highway by state statutes, we need not determine. No such case is before us. * * *"

However, in the case at bar the precise question which the Court of Appeals did not decide is now before us. I have not changed my conclusion that State v. Tucker, supra, was wrongly decided. The de-

cision therein was based upon the proposition that the Menominee Indians have only the possessory right of occupancy of the land in the reservation; that the fee is in the United States; and that the permission given by the Secretary of the Interior for a right of way to construct and maintain a State highway through the reservation destroyed the Indian title to that portion occupied by the State highway.

As a fundamental proposition the Wisconsin Supreme Court admits that the State courts are without jurisdiction to try an unallotted Indian residing on an Indian reservation for any of the crimes specified in Sec. 328 of the Criminal Code, 18 U.S. C.A. § 548 where such crime is committed on an Indian reservation, and in State v. Rufus, 205 Wis. 317, 237 N.W. 67, the court went further and held that no such right of trial exists in the State court as to lesser crimes and as to misdemeanors not mentioned in Sec. 328.

Nevertheless, in the Tucker case the Wisconsin court stated (237 Wis. 310, 315, 296 N.W. 645, 646): " * * * Once the Indian title is perceived to be possessory in character but subject to extinguishment by the United States, it is obvious that a grant by the United States which destroys this possessory right of the Indians destroys the Indian title. We conclude that this must be the result of the grant to the state of a right of way and permission to maintain a public highway. * * *" For the reasons I stated in Application of Konaha, D. C., 43 F.Supp. 747, I think the Wisconsin court is in error.

■ I believe it is now firmly established that the Indian title is equivalent to beneficial ownership and I believe that the granting of an easement for the purpose of constructing and maintaining a highway did not extinguish the Indians' underlying title. By the establishment of the highway the existing relationship of the Indians to the State was not altered. The easement which the State has to construct and maintain the highway is limited in character. The State accepted the easement on that limited basis.

■ "The policy of leaving Indians free from state jurisdiction and control is deeply rooted in the Nation's history." Rice v. Olson, 324 U.S. 786, 789, 65 S.Ct. 989, 991. There is no legitimate implication to be drawn that Congress intended any grant of jurisdiction when it permitted the State

primarily for its own convenience to establish a State highway across the reservation. The act of June 28, 1932, c. 284, 47 Stat. 336, 18 U.S.C.A. § 548, provided for the trial of designated crimes in the federal courts when committed upon any Indian reservation and specifically designated rights of way running through the reservation as coming within the scope of that act. In the Tucker case the Wisconsin Supreme Court did not notice that by the act of '1932 Congress had asserted exclusive jurisdiction in the federal courts as to crimes committed by Indians on the rights of way within Indian reservations. The court also relied upon Beecher v. Wetherby, 95 U.S. 517, 24 L.Ed. 440. However, this case in so far as it held that the State of Wisconsin had title to school sections in the Menominee Reservation had been overruled by State of Wisconsin v. Lane, 245 U.S. 427, 432, 38 S.Ct. 135, 62 L.Ed. 377.

An order granting the writ of habeas corpus and discharging the petitioner is warranted and has been entered.